IN THE CIRCUIT COURT FOR THE
9TH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

EVAN HUNTER DE BLANES,

      Plaintiffs,

vs.

Case No. _____

INK SPOT INTERNATIONAL INC,
a Foreign Profit Corporation, and
MARWAN KADDOURA, individually,

      Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, EVAN HUNTER DE BLANES ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, INK SPOT INTERNATIONAL INC, ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees and costs pursuant to violation of Florida Private Whistleblower Act Florida Statute 448.102 ("FWA"), pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter "FLSA") to recover unpaid minimum wage and/or overtime compensation, and an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs. This case is also a Breach of Oral Contract, Unjust Enrichment and Quantum Meruit.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §216(b).

3. This Court has jurisdiction over Plaintiff's claims pursuant to Florida Statute 448.102.

4. Plaintiff was at all times relevant to this action, and continues to be, a resident of Orlando, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA and the FWA.

5. Defendant INK SPOT INTERNATIONAL, INC. is a Foreign Profit Corporation having its main place of business in Windermere, Florida, and Plaintiff worked for Defendant in Windemere, Florida as a Store Manager/Laborer, and at all times material hereto was and is engaged in interstate commerce. Defendant has sufficient ties to Florida as it maintains employees in Florida and paid Plaintiff in Florida.

6. Defendant INK SPOT INTENRATIONAL, INC. is a covered employer for purposes of the FLSA and the FWA.

7. Defendant MARWAN KADDOURA is an individual officer of the Defendant Corporation INK SPOT INTERNATIONAL, INC. and has operational control over Defendant as it pertains to plaintiff's claims in this case.

8. Venue is proper in Orange County because all of the actions that form the basis of this Complaint occurred within Orange County and payment was due in Orange County.

9. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. Plaintiff performed work for Defendants as a Store Manager/Piercer in their Sandlake store in Orlando, Florida from April 1, 2019 through March 8, 2022.

12. Defendant has well over 15 employees in over 5 stores and makes more than $500 in revenues per year.

13. Plaintiff was to be paid based on a shift schedule of $100 per shift. Plaintiff's shifts lasted over 10 hours at times and Plaintiff would then be required to make deliveries and pickups for the employer outside of the shift he was paid for. This payment was regularly below the minimum wage and did not include pay for overtime at 1.5x the regular rate.

14. Plaintiff and Defendant had an oral agreement wherein Plaintiff was to be paid 20% of sales as a commission. Defendant failed to pay all commissions owed to Plaintiff.

15. Plaintiff estimates that Defendants should have been paying him approximately $900 in commissions per week as Plaintiff was responsible for keeping records and reporting earnings to Defendants. Defendant failed to pay those funds to Plaintiff.

16. Well over 80% of Plaintiff's work time was working as a Piercer and not as a manger or supervisor of others in the store. Defendant's claim that Plaintiff was a salaried worker fails as a minimal portion of Plaintiff's workday was actually spent doing managerial tasks and most of his time was spent performing piercings and doing artwork for tattoos.

17. Defendants did not keep track of the hours worked.

18. Plaintiff regularly complained to Defendants that keeping employees as 1099 independent contractors was illegal and a violation of labor laws as the employees were supposed to be W2 employees. Plaintiff specifically complained in March of 2022.

Plaintiff also complained of entitlement to overtime that was not paid and to alleged paycheck reductions by Defendants which were illegal. Plaintiff also complained to Marwan that he was violating tax laws with respect to reporting and reductions form paychecks that were not justified.

19. Plaintiff complained to Defendants also that the destruction of consent forms for minors and not keeping them for the requisite statutory legal time periods was illegal. Defendant didn't care nor change their behavior.

20. After Plaintiff made these complaints to Defendant Marwan, Marwan came to plaintiff claiming that the numbers for the last 1.5 years were inaccurate and that Plaintiff owed Marwan $28,000.00. This is unsupported and there is no factual basis for same.

21. Defendants failed to pay Plaintiff a paycheck totaling $1,700.00 which was due on March 4, 2022.

22. Defendants then terminated Plaintiff on April 1, 2022 in retaliation for complaints of unpaid wages, complaints of labor law violations including misclassification of employees and tax law violations.

23. Defendants failed to pay Plaintiff for all hours worked.

24. Defendants purports to have hired Plaintiff as an independent contractor to do piercings and manage the store, performing bookkeeping and reporting profits.

25. As a so-called independent contractor, Plaintiff was required by Defendants to show up at a specific time and at a specific location. Work hours and days were designated by Defendants.

26. Plaintiff was schedule to work 5 days a week from 11 am to 8 pm but regularly had to stay 1-2 hours late and come in early. On average Plaintiff worked 55 per week.

27. Defendant had a General Manager Stephanie Daniels who would regularly order Plaintiff to make pickups and deliveries that she would schedule. Plaintiff was not paid for these hours he worked nor was he reimbursed for mileage or expenses associated with this extra work.

28. Throughout his employment, Plaintiff performed his work at satisfactory or above-satisfactory levels. Any reason proffered by Defendant for Plaintiff's mis-treatment is merely pretext for unlawful retaliation.

29. Defendant, in part, terminated Plaintiff shortly after he made the complaints of Defendant's illegal activity on March 8, 2022.

30. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement that Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by and not in violation of the laws of the United States and the State of Florida.

31. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### Wage & Hour Federal Statutory Violation Against
### INK SPOT INTERNATIONAL INC

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 31 of this complaint as if set out in full herein.

33. This action is brought by Plaintiff to recover from Defendants unpaid wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

34. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

35. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

36. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

37. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

38. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

39. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and

worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

40. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

41. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

F.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

G.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### Wage & Hour Federal Statutory Violation Against
### MARWAN KADDOURA

42. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 31 of this complaint as if set out in full herein.

43. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, INK SPOT INTERNATIONAL, INC.

44. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

45. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

46. Defendant willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

H.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

I. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

J. Award Plaintiff an equal amount in double damages/liquidated damages; and

K. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

L. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

M. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

N. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *FLSA Retaliation against* INK SPOT INTERNATIONAL INC

47. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 31 of this complaint as if set out in full herein.

48. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

49. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

50. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

51. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

H. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff rights;

I. Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest; and

J. Award Plaintiff an equal amount in double damages/liquidated damages; and

K. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

L. Grant Plaintiff such additional relief as the Court deems just and proper.

## COUNT IV
### *FLSA Retaliation Violation Against MARWAN KADDOURA*

52. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 31 of this Complaint as if set out in full herein.

53. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this

Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

54. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

55. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

56. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

T. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

U. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

V. Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

W. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

X. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

Y. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *Breach of Agreement Against (In The Alternative)*
### INK SPOT INTERNATIONAL, INC.

57. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 31 of this complaint as if set out in full herein.

58. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

59. Plaintiff suffered damages as a result of Defendants' breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendants for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT VI
### *Quantum Meruit Against (In The Alternative)*
### INK SPOT INTERNATIONAL

60. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 31 of this complaint as if set out in full herein.

61. Plaintiff has conferred a benefit onto Defendants by performing and providing services for Defendant.

62. Defendants have knowledge of the services performed and provided and the benefit provided by Plaintiff.

63. Defendants accepted Plaintiff's services to Defendants.

64. Defendants retain an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

65. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendants.

WHEREFORE, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendants, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT VII
### *Unjust Enrichment Against (In The Alternative)*
### INK SPOT INTERNATIONAL

66. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 31 of this complaint as if set out in full herein.

67. Plaintiff has conferred a benefit upon Defendants for services performed and provided to Defendants.

68. Defendants have knowledge of the services performed and provided by Plaintiff.

69. Defendants voluntarily accepted the services performed and provided by Plaintiff.

70. Defendants unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

71. Plaintiff seeks damages for the value of the work performed to Defendants.

WHEREFORE, Plaintiff seeks a judgment for unjust enrichment against Defendants, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT VIII
## VIOLATION OF §448.102, FLORIDA STATUTES
## Against INK SPOT INTERNATIONAL, INC.

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 31 of this complaint as if set out in full herein.

21. Section 448.102, Florida Statutes states in relevant part:

> "An employer may not take any retaliatory personnel action against an employee because the employee has:
>
> (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

22. As a direct and proximate result of Plaintiff's complaints of lawbreaking by Defendant, Plaintiff employment was terminated.

23. As a result of Defendant's willful and malicious conduct, and Plaintiff's termination for complaining about violations of law, rule and regulation, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, compensation for his lost benefits, as well as compensatory damages.

24. Plaintiff also demands her attorney's fees and costs as provided by law.

**WHEREFORE**, Plaintiff prays for the entry of a judgment against Defendant and an award of economic damages in the form of back pay and front pay, as well as compensatory damages, attorney's fees and costs as a result of Defendant's retaliatory conduct in violation of §448.101 et seq., Florida Statutes, and any and all other relief provided by law.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Date: May 22, 2022

Respectfully submitted,

*/s/ Daniel H. Hunt*
DANEIL H. HUNT, ESQ.
Florida Bar No. 121247
P.O. BOX 565096
MIAMI, FL 33256
dhuntlaw@gmail.com
Phone: 305-495-5593
Fax:    305-513-5723